IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Case No. |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| SHERWOOD FOOD DISTRIBUTORS, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT AND JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Jannetta Ingram, Natasha Parrish, Crystal Wallace, and a class of female applicants who were adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("Commission") charges that Defendant Sherwood Food Distributors, LLC failed to hire Ingram, Parrish, Wallace, and other female applicants for positions in Defendant's warehouses located in Cleveland, Ohio and in Detroit, Michigan. Defendant's hiring practices have been undertaken with the purpose and have had the effect of denying females employment because of their sex in violation of Title VII. Additionally, Defendant failed to maintain records in violation of the record-keeping requirements of Title VII.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended.

4. At all relevant times, Defendant has continuously been a Michigan corporation doing business in the State of Ohio and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than 30 days before the institution of this lawsuit, Jannetta Ingram, Natasha Parrish, and Crystal Wallace filed charges of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On January 30, 2014, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that Title VII was violated and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On June 29, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

12. Defendant operates food distribution centers and sales offices in several states. Defendant operates food distribution warehouses in Cleveland and Detroit, from which Defendant ships by truck refrigerated and frozen food products to the grocery industry.

13. Since at least January 1, 2009, Defendant has engaged in unlawful employment practices at its facilities in Cleveland and Detroit, in violation of Title VII. These unlawful practices include but are not limited to the following:

    a) Defendant intentionally has discriminated against female applicants because of their sex by maintaining a hiring system through which Defendant has denied employment opportunities to qualified females for entry-level warehouse positions, in favor of equally or less qualified males.

    b) At Defendant's Cleveland facility, Defendant's hiring officials decide which applicants to consider for employment. As part of the decision-making process, Defendant's hiring officials review applications that have been submitted to the Cleveland

3

facility. Defendant's hiring officials select from the submitted applications which applicants Defendant will contact to discuss employment and to schedule for an interview.

    c)  When applicants are contacted to discuss employment with Defendant at its Cleveland facility, Defendant provides them with the opportunity to discuss how their prior work or life experience relates to employment with Defendant, to learn about the position, and to otherwise have the opportunity to persuade Defendant to offer them an employment opportunity.

    d)  At its Cleveland facility, Defendant's hiring officials have disproportionately contacted male applicants to discuss employment but have rarely contacted female applicants to discuss an entry-level warehouse position.

    e)  Based on Defendant's hire data, for the period from 2009 to 2014 Defendant hired 1,561 persons for entry-level warehouse positions in Cleveland. According to the company's records, out of the 1,561 persons hired during that period in Cleveland for entry-level warehouse positions, not more than seven, and possibly fewer than seven, were female.

    f)  According to Defendant's records, for the period from 2009 to 2014 female applicants have represented at least 5% of those applying for entry-level warehouse positions at the Cleveland facility. However, according to the company's records, during the three-year period from 2009 to 2011 Defendant hired not more than one, and possibly zero, females for entry-level warehouse positions in Cleveland.

    g)  In May of 2011, the Commission conducted an on-site investigation at Defendant's Cleveland facility during which the Commission questioned hiring officials about Defendant's failure to hire females for entry-level warehouse positions. During the two years before the on-site investigation was conducted, according to Defendant's records the company

had hired not more than one, and possibly zero, females for entry-level warehouse positions in Cleveland.

   h) After the May 2011 on-site was conducted, according to Defendant's records the company hired 783 persons to work in its Cleveland warehouse. According to the company's records Defendant hired not more than seven, and possibly fewer than seven, females for entry-level warehouse positions in Cleveland after the on-site was conducted.

   i) According to Defendant, applicants are selected for contact and hire for entry-level warehouse positions in Cleveland based on prior work experience, experience operating certain equipment, and other purported qualifications.

   j) Among the males Defendant hired at its Cleveland facility, many applicants did not have the work experience identified by Defendant, did not have experience operating the equipment, or did not have the other purported qualifications. During the same period, female applicants with the same or substantially better qualifications were neither interviewed nor hired by Defendant.

   k) The justification that Defendant has asserted for why it has failed to hire females for entry-level warehouse positions in Cleveland is pretextual.

   l) Charging Parties Jannetta Ingram and Crystal Wallace applied to work at Defendant's Cleveland facility in 2011. Defendant never contacted Ingram or Wallace to discuss employment or to schedule an interview. Defendant did not hire Ingram or Wallace. Both Ingram and Wallace were at least as qualified, if not better qualified, for an entry-level warehouse position than males Defendant hired for that job in Cleveland. The justification Defendant has asserted for why it never contacted or hired Ingram or Wallace is pretextual.

m) Charging Party Natasha Parrish applied to work at Defendant's Cleveland facility in 2011 and then re-applied after Defendant told her that the company had lost her application. Defendant did not contact Parrish to discuss employment or to schedule an interview. Defendant did not hire Parrish. Parrish was at least as qualified, if not better qualified, for an entry-level warehouse position than males Defendant hired for that job in Cleveland. The justification Defendant has asserted for why it never contacted or hired Parrish is pretextual.

n) At Defendant's Detroit facility, Defendant's hiring officials decide which applicants to consider for employment. As part of the decision-making process, Defendant's hiring officials review applications that have been submitted to the Detroit facility. Defendant's hiring officials select from the submitted applications which applicants Defendant will contact to discuss employment and to schedule for an interview.

o) When applicants are contacted to discuss employment with Defendant at its Detroit facility, Defendant provides them with the opportunity to discuss how their prior work or life experience relates to employment with Defendant, to learn about the position, and to otherwise have the opportunity to persuade Defendant to offer them an employment opportunity.

p) At its Detroit facility, Defendant's hiring officials have disproportionately contacted male applicants to discuss employment but have rarely contacted female applicants to discuss an entry-level warehouse position.

q) Based on the company's records, for the period from 2009 to 2014 Defendant hired 179 persons for entry-level warehouse positions in Detroit. According to the company's records, out of the 179 persons hired during that period, not more than one, and possibly zero, females were hired for entry-level warehouse positions in Detroit.

r) According to Defendant's records, for the period from 2009 to 2014 female applicants have represented at least 18% of those applying for entry-level warehouse positions at the Detroit facility. However, according to the company's records not more than one, and possibly zero, females were hired during that period for entry-level warehouse positions in Detroit.

s) In documents that Defendant submitted to the Commission, Defendant identified a warehouse manager known as "Denny" Krstevski and advised the Commission that Krstevski conducts interviews for those seeking entry-level warehouse positions and that Krstevski has final authority to hire for that position.

t) During the course of his employment in Detroit, Krstevski was provided with the application of a female who was seeking an entry-level warehouse position. After looking at the application, Krstevski said, "We don't take women back here," and refused to accept the application.

u) According to Defendant, applicants are selected for contact and hire for entry-level warehouse positions in Detroit based on prior work experience, experience operating certain equipment, and other purported qualifications.

v) Among the males Defendant hired at its Detroit facility, many applicants did not have the work experience identified by Defendant, did not have experience operating the equipment, or did not have the other purported qualifications. During the same period, female applicants with the same or substantially better qualifications were neither interviewed nor hired by Defendant.

w) The justification that Defendant has asserted for why it has failed to hire females for entry-level warehouse positions in Detroit is pretextual.

7

14. Defendant has failed, in violation of Section 709(c) of Title VII, to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. Records which Defendant unlawfully failed to retain include, but are not limited to, employment applications and related materials including the applications and resumes of female applicants.

15. The effect of the practices complained of above has been to deprive Charging Parties Ingram, Parrish, Wallace, and a class of female applicants of equal employment opportunities and otherwise adversely affect their status as applicants and employees because of sex.

16. The unlawful employment practices complained of above were and are intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Parties Ingram, Parrish, Wallace, and a class of female applicants.

### **PRAYER OF RELIEF**

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in employment practices that discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for female applicants and that eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Charging Parties Ingram, Parrish, and Wallace, and other aggrieved female applicants, by providing backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, rightful-place hiring of qualified female applicants, and, where appropriate, front pay and instatement.

D.  Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, relevant to the determination of whether unlawful employment practices have been or are being committed.

E.  Order Defendant to make whole Charging Parties Ingram, Parrish, Wallace, and other aggrieved female applicants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

F.  Order Defendant to make whole Charging Parties Ingram, Parrish, Wallace, and other aggrieved female applicants by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above including, but not limited to, emotional pain, suffering, humiliation, and inconvenience in amounts to be determined at trial.

G.  Order Defendant to pay Charging Parties Ingram, Parrish, Wallace, and other aggrieved female applicants punitive damages for Defendant's malicious and reckless conduct described above in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission the costs of this action.


## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

           Respectfully submitted,

           U.S. EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION
           Washington, D.C.

           P. DAVID LOPEZ
           General Counsel

           JAMES L. LEE
           Deputy General Counsel

           GWENDOLYN Y. REAMS
           Associate General Counsel

           _Kate Northrup (for)_
           DEBRA LAWRENCE
           Regional Attorney
           Philadelphia District Office

           _Kate Northrup_
           KATE NORTHRUP
           Supervisory Trial Attorney
           kate.northrup@eeoc.gov

           U.S. EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION
           Philadelphia District Office/Baltimore Field Office
           10 S. Howard St., 3rd Floor
           Baltimore, MD 21201
           Tel. (410) 209-2722


           <u>s/ Melanie M. Peterson</u>
           MELANIE M. PETERSON
           Senior Trial Attorney
           melanie.peterson@eeoc.gov

           U.S. EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION

Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Tel. (215) 440-2689


s/ Jessi Isenhart
JESSI ISENHART
Senior Trial Attorney
jessi.isenhart@eeoc.gov

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office/Cleveland Field Office
Anthony J. Celebrezze Federal Building
1240 E. 9th Street, Suite 3001
Cleveland, OH 44199
Tel. (216) 522-7676

11