**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) | **Case No. 1:16-cv-02386** |
| ) | |
| ) | **Judge Donald C. Nugent** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **SHERWOOD FOOD DISTRIBUTORS, ) LLC,** ) | |
| ) | |
| **Defendant.** | |

**CONSENT DECREE**

On September 27, 2016, the U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") commenced this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") against Defendant Sherwood Food Distributors, LLC ("Defendant" or "Sherwood") to correct alleged unlawful employment practices in hiring warehouse workers on the basis of sex (female) and to provide appropriate relief to Jannetta Ingram, Natasha Parrish, and Crystal Wallace and other female applicants who were adversely affected by such practices at Defendant's warehouses located in Cleveland, Ohio, and in Detroit, Michigan.  EEOC also alleged that Defendant engaged in a record-keeping violation by failing to make, keep, and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.  Defendant denies the allegations made in the Complaint.

EEOC and Defendant enter into this Consent Decree to resolve this action and all claims asserted in EEOC's Complaint and to promote and effectuate the purposes of Title VII.

The Court finds that it has jurisdiction over the subject matter of this action and the parties for purposes of the action, entry of the Consent Decree, and all proceedings related to the Consent Decree.

The Court, having examined the terms and provisions of the Consent Decree, further finds that it is reasonable, just, and in accordance with the Federal Rules of Civil Procedure and Title VII.

The Court further finds that entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the parties, those for whom the EEOC seeks relief, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

<u>DEFINITIONS</u>

A.      "Defendant" means Sherwood Food Distributors.

B.      "Commission" or "EEOC" is the U.S. Equal Employment Opportunity Commission, an agency of the United States Government.

C.      "Facility" or "Facilities" refers to Defendant's warehouse operations in Maple Heights (referred to as Cleveland by Defendant), Ohio, and in Detroit, Michigan.

D.      The term "hire" or "hiring" refers to the filling of a job opening with an individual who is new to Sherwood or is a current or former employee of Sherwood but new to the job title that she or he has sought.

E.      "Hiring authority" or "hiring authorities" refers to managerial or any other personnel of Sherwood or any third-party who participates in selection decisions related to recruiting, screening, interviewing, or hiring of job applicants, as well as any managerial personnel with a direct or successively higher supervisory role over such hiring personnel.

F.      "Entry-Level Warehouse Position" refers to a warehouse position that involves identifying, selecting, and/or preparing product to fill customer orders from warehouse storage systems (e.g., selector, picker, or warehouse worker, as those terms have been used during this litigation) regardless of specific job title or whether such position is filled on a temporary or permanent basis

G.      "Eligible Claimant" or "Eligible Claimants" means all persons who meet the following criteria: (i) are female; (ii) sought to work for  Defendant (either directly or through a third party, such as an employment agency or other third-party providing employment or placement services) at any time from January 1, 2009, through June 30, 2018; (iii) sought employment in any Entry-Level Warehouse Position, or circumstances demonstrate to EEOC that they were otherwise considered by Defendant as potential candidates for an Entry Level Warehouse Position; (iv) were of legal age to work in the position(s) in question; and (v) were not selected for the position(s) by Defendant or did not reject a bona fide offer of employment with Defendant or accepted an offer that was not made in good faith.

H.      "Day" or "days" means calendar days.

I.      "Effective Date" means the date this Decree is docketed by the Clerk of Court after it is signed by or receives approval from the Court.

J.      "Expiration Date" means the date five (5) years from the Effective Date of this Decree.

<u>GENERAL PROVISIONS AND COURT ENFORCEMENT POWERS</u>

1.      This Decree constitutes full discharge and satisfaction of any claims against Defendant that were alleged in the Complaint filed in this action by the EEOC.

2.      EEOC and Defendant shall bear their own attorneys' fees and costs incurred in connection with this action.

3.     This Court shall retain jurisdiction for the duration of the Decree to enforce its terms and will have all available powers to enforce this Decree, including, but not limited to, monetary sanctions and injunctive relief.

<u>GEOGRAPHIC SCOPE AND DURATION OF DECREE</u>

4.     This Decree shall apply to Defendant's Detroit, Michigan, and Cleveland (Maple Heights), Ohio, facilities.

5.     This Decree shall become effective on the date of its entry by the Court and shall remain in effect until its expiration date, which shall be five (5) years after the date of its entry by the Court.

<u>SHERWOOD APPLICANT- FLOW DATA AND HIRE DATA</u>

6.     Within sixty (60) days of the Effective Date, Defendant shall produce to EEOC complete applicant-flow data in electronic format (Microsoft Excel) and application materials for all persons who sought work in an Entry-Level Warehouse Position at one of Defendant's Facilities at any time from January 1, 2009, to June 30, 2018.  The following shall apply to the production:

     a.     The applicant-flow data referenced in Paragraph 6 shall consist of such data that was compiled by the company during the period from January 1, 2009 to June 30, 2018, and shall include the full name; date of application; Social Security Number or Applicant ID; gender; address; position applied for; telephone number; and other contact information.  If the applicant sought work at a particular site/Facility, the production shall also identify such Facility/ies.

     b.     The application materials referenced in Paragraph 6 shall include any applications, resumes, cover letters, phone screen notes, interview notes, Phone Screen Night Order Selector forms, any questionnaires used in the hiring process (*i.e.*, Interview

Questionnaires, Order Selector Questionnaires, Hiring Questionnaires, Warehouse
Hiring Practices questionnaires), Background Check Authorizations, and Release
Authorizations.

7.      Within thirty (30) days of the Effective Date, Defendant shall produce to EEOC complete
hire data in electronic format (Microsoft Excel) for the period January 1, 2009, to June 30, 2018,
reflecting the full name; Social Security Number or Employee number; gender; race; address;
telephone number; other contact information; date of hire; if applicable, date of re-hire; status
(active, inactive, terminated, etc.); if applicable, date of termination and reason therefor; and
site/Facility where each person identified in the hire data performed work for Defendant.

<u>INJUNCTION</u>

8.      Defendant, its officers, directors, agents, employees involved in hiring, successors in
interest, assigns, and all persons acting in concert with it or on its behalf are enjoined and restrained
from engaging in any employment practice that discriminates against its job applicants and
employees on the basis of sex in violation of Title VII.  Such enjoined and restrained practices
include, but are not limited to, subjecting female applicants to discrimination in the recruiting or
hiring process because of their sex and failing to hire female job applicants, unless such failure to
hire is based on a legitimate non-discriminatory reason.

9.      Defendant, its officers, directors, agents, employees involved in hiring, successors in
interest, assigns, and all persons acting in concert with it or on its behalf are hereby enjoined and
restrained from engaging in any employment practice that discriminates against any of their
employees or job applicants who oppose any practice made unlawful by Title VII.  Defendant is
further enjoined and restrained from engaging in any employment practice that discriminates
against any job applicant, employee, or other person because he or she made a charge, or

participated in, testified in, or assisted the Commission in any manner, or sought or received relief in this action, the administrative proceedings preceding this action, or in any other proceeding under Title VII.

10.     Defendant, its officers, directors, agents, employees involved in hiring, successors in interest, assigns, and all persons acting in concert with it or on its behalf are enjoined from failing to keep, preserve, and retain all applications, or other application related materials (*e.g.*, resumes, letters from prospective applicants, inquiries, e-mails, notes), communications between Defendant and any third party (*e.g.*, employment or placement agency, job-posting website, newspaper, *etc.*) regarding recruiting or placement or other employment matters, and any other materials that reflect all information provided to Defendant regarding job applicants for the duration of this Decree.  All paper application materials described in this paragraph must be retained in their original form.

11.     In addition to the requirements contained in Paragraphs 6 through 8, Defendant, its officers, directors, agents, employees involved in hiring, successors in interest, assigns, and all persons acting in concert with it or on its behalf shall comply with all provisions of Title VII and are enjoined from any present or future violations of Title VII.

12.     From the Effective Date of the Consent Decree moving forward, Defendant will create and maintain complete applicant flow logs that include at least the following information as contained in the Applicant Flow log attached as Exhibit B:  date of application; unique applicant ID; first and last name; address; sex; position applied for; source of referral (including the source's first and last name and employer or relationship to Defendant), if applicable; status (e.g., hired, refused the position, not qualified, other candidate selected, *etc.*).  All persons who seek employment or inquire about employment with Defendant will be listed on Defendant's applicant flow logs and will include all persons referred, or suggested, for employment by any employment agency or

other third party (*e.g.*, Goodwill Industries). Defendant shall assign a unique applicant identification number (to be called the "Applicant ID") to each such person who seeks or inquires about employment with Defendant. Defendant shall, through reasonable due diligence associate the Applicant ID with each subsequent or other document or record created or maintained about that person by writing it on documents or inserting it in electronic records, including, but not limited to, the person's employment application, application materials, personnel records, etc. Defendant's applicant flow logs will be prepared and maintained electronically. They will be produced electronically to the EEOC in Microsoft Excel format and will include sortable fields that collect, at a minimum, the information described in this paragraph about each applicant. Defendant will prepare and maintain complete applicant flow logs in electronic form for the duration of this Decree.

<u>HIRING GOALS</u>

13.     Defendant will work in good faith to ensure that the percentage of women who are hired in each calendar year during this Decree to fill vacant Entry-Level Warehouse Positions at its Facilities conform to the following Hiring Goals and in accordance with the timeline set forth in Paragraphs 13-17:

     a.     Cleveland warehouse positions:  15% of new hires or the female applicant flow rate, whichever is greater;

     b.     Detroit warehouse positions:  15% of new hires or the female applicant flow rate, whichever is greater.

14.     Defendant will make all good-faith efforts to achieve, within one year after the Effective Date of the Decree, 50% or more of the percentage Hiring Goal for women as specified in paragraphs 13a-b of the Decree (*i.e.*, at least 7.5% of Cleveland new hires or the Cleveland female

applicant flow rate, whichever is greater, and 7.5% of Detroit new hires or the Detroit female applicant flow rate, whichever is greater) at each of its facilities.

15.     Defendant will make all good faith efforts to achieve, within two (2) years after the Effective Date of the Decree, 75% or more of the percentage Hiring Goal for women as specified in paragraphs 13a-b of the Decree (*i.e.*, at least 11.25% of Cleveland new hires or the Cleveland female applicant flow rate, whichever is greater, and 11.25% of Detroit new hires or the Detroit female applicant flow rate, whichever is greater) at each of its facilities.

16.     Defendant will make all good faith efforts to achieve, within three (3) years after the Effective Date of the Decree, 100% or more of the percentage Hiring Goal for women at each of the Cleveland and Detroit facilities.

17.     Upon achievement of the hiring goals identified in Paragraph 13 for each facility and continuing through expiration of the Decree period, Defendant will make all good-faith efforts to maintain such representation of female hires for the following two (2) years.

18.     Defendant shall make all good-faith, reasonably necessary efforts to find female candidates to fill vacancies in Entry-Level Warehouse Positions.

## REPORTING

19.     On a quarterly basis beginning three (3) months from the Effective Date and continuing for the duration of this Decree, Defendant shall:

a.      Report to the EEOC the following information pertaining to the three-month period immediately preceding the report: (i) a summary setting forth, separately for job site/location, the total number of applicants for all Entry-Level Warehouse Positions and, within each job title, the total number of female applicants and the total number of male applicants; (ii) a summary setting forth, separately for each location, the total number of

new hires for each job title and, within each job title, the total number of female new hires and the total number of male new hires for Entry-Level Warehouse Positions; (iii) a summary setting forth, separately for job site/location, the total number of terminations for all Entry-Level Warehouse Positions and, within each job title, the total number of terminated female employees and the total number of male terminated employees; and

b.      produce the Applicant Flow Logs maintained pursuant to this Decree for the three-month period immediately preceding the production.

<u>MONETARY RELIEF</u>

20.      Within thirty (30) days of entry of this Decree, Defendant shall pay three million six hundred thousand U.S. dollars ($3,600,000.00) in monetary relief, which shall be deposited into a Qualified Settlement Fund (QSF) account to be established and administered by a third-party settlement claims administrator ("Administrator"), as discussed below.  The monetary relief constitutes back pay and other monetary damages available under Title VII or 42 U.S.C. § 1981a, and shall be payable to Eligible Claimants whom the EEOC determines were subjected to discrimination as alleged in its Complaint from January 1, 2009, until June 30, 2018, and who have been identified by the EEOC during the claims administration process as persons to whom payment will be made.  Further, the EEOC will determine what type of monetary relief (*i.e*., back pay or other monetary damages) will be paid to such persons.  Defendant shall notify EEOC after it has deposited the monetary relief into the QSF.

21.      Distribution of monetary relief to the Eligible Claimants identified in Paragraph 20 shall be made by the Administrator in accordance with a claims process and eligibility criteria to be determined by the EEOC in consultation with the Administrator.  All distributions of monetary relief to and among the Eligible Claimants identified in Paragraph 20 will be determined by the

EEOC. Defendant shall not have any participation or role in determining the identities of such persons or amounts payable to them.

22.     Defendant shall be responsible for paying its share of all applicable payroll taxes (*e.g.*, FICA).

23.     EEOC shall have three (3) years after Defendant's production of the complete applicant data, application materials, and hire data described in Paragraphs 6-7 within which payments may be made from the QSF to the Eligible Claimants identified in Paragraph 20.

24.     At the end of the three-year period identified in Paragraph 23, EEOC shall have the discretion to distribute any remaining undistributed funds in the QSF to the Eligible Claimants identified in Paragraph 20.

<u>CLAIMS ADMINISTRATOR</u>

25.     In accordance with 26 C.F.R. § 1.468B-1(c)(1), the Court, by this provision and the Decree, approves the establishment of a Claim Fund as a Qualified Settlement Fund (QSF) administered by Settlement Services, Inc., P.O. Box 1657, Tallahassee, FL 32302-1657, a qualified third-party settlement administrator that was selected by EEOC and Defendant before entry of this Decree. This QSF, in accordance with § 1.468B-1(c)(2) is established to help resolve or satisfy one or more contested claims that have resulted or may result from an event or related series of events that have occurred and have given rise to one or more claims by EEOC asserting Defendant's liability arising out of alleged violations of law. Under § 1.468B-1(c)(3), the QSF ordered established by the provision of this Decree shall be segregated from other assets of the transferor, Defendant Sherwood Food Distributors, LLC.

26.     The QSF, and payments made from the QSF, shall be administered by the settlement claims administrator ("Administrator"). Upon entry of this Decree, the Administrator shall commence its

duties in accordance with this Decree and instructions received from EEOC.  If either party determines that the Administrator cannot perform its duties in a proficient manner or at reasonable cost in light of the work required to be performed under this Decree, the rates quoted by the Administrator prior to entry of this Decree, and the availability of other potential Administrators that may be more cost-effective, either party may file a motion with the Court for appointment of a new administrator.  Prior to filing such motion, the parties shall confer in a good-faith effort to identify a new administrator satisfactory to both parties for presentation to the Court.

27.     The QSF shall be responsible for issuing to each person who receives payment pursuant to this Decree, appropriate IRS Forms (W-2 or 1099, as appropriate) for the year in which payment is made, as required by law, directed to the same address to which payment was sent.

28.     The Administrator shall provide the following services pursuant to this Decree, as directed by the EEOC:

      a.      locating and corresponding with Eligible Claimants identified by the EEOC;

      b.      receiving and processing telephonic or written inquiries from, and documents provided by, Eligible Claimants identified by the EEOC;

      c.      tracking data regarding all persons referenced in Paragraphs 28a-b;

      d.      issuing payments to Eligible Claimants identified by the EEOC, and tracking and accounting for all undelivered payments, if applicable;

      e.      collecting, storing, and maintaining data reflecting all payments made from the QSF and the status of such payments;

      f.      periodic reporting of the Administrator's activities to EEOC;

      g.      conferring with EEOC regarding administration of the QSF; and

h.      any other duties that EEOC reasonably determines are necessary to administer the QSF.

29.     In addition to the monetary relief referenced in Paragraph 20, Defendant also shall pay directly to the Administrator all costs and expenses of the Administrator (or any subsequently appointed Administrator) incurred in the course of carrying out its duties under this Decree, up to a total of $35,000.  No funds for the payment of the Administrator shall be paid out of the QSF.

30.     The Administrator shall inform Defendant of the amounts of back pay distributed to each person from the QSF and all other information necessary for Defendant to satisfy its payroll tax liabilities.

31.     Defendant shall provide the Administrator with all information and documents necessary to carry out the Administrator's functions, including information to enable the Administrator to locate persons and make payroll tax withholdings.  Defendant shall be responsible for satisfying its own payroll tax obligations associated with payment of back pay, where applicable.

<u>OFFERS OF EMPLOYMENT TO AGGRIEVED PERSONS</u>

32.     During the five (5)-year duration of this Decree, as job vacancies become available at Defendant's Facilities, Defendant shall offer employment to not less than one hundred fifty (150) female job applicants who sought employment with Defendant during the period from January 1, 2009, through June 30, 2018, that EEOC identifies as Eligible Claimants who, during the claims process, have expressed an interest in receiving an offer of employment from Defendant.  When job vacancies become available, Defendant shall offer employment to no fewer than 50% of the females that EEOC identifies and shall continue to do so as job vacancies become available until offers have been made to all 150 females identified by the Commission.  Defendant shall make offers to Eligible Claimants identified by the EEOC at the facility where each female expresses an

interest in working, if applicable.  Such Eligible Claimants shall be given priority consideration and shall be offered employment before any current applicants.  Within two hundred forty (240) days after Defendant's production referenced in Paragraphs 6-7, EEOC shall provide to Defendant an initial listing of Eligible Claimants to whom job offers shall be made pursuant to this Paragraph, and such listing shall contain their full names, last known addresses, last known telephone numbers, and job titles they sought.  Defendant may select among any persons on such list(s) as long as Defendant selects a sufficient number of those persons to comply with this Paragraph.

33.     Defendant may require the Eligible Claimants that the EEOC identifies pursuant to Paragraph 32 submit an updated job application or resume and may interview them prior to extending offers of employment.  After extending an offer of employment, and to the extent that Defendant is then requiring persons to whom it has extended a conditional offer to pass a physical and drug test, Defendant may require Eligible Claimants the EEOC identifies pursuant to Paragraph 32 to pass the same physical and drug test; in doing so, Defendant shall treat them the same as others who are required to pass a physical and drug test.  To the extent that Defendant is required to provide training to new hires, it shall provide the same training to the Eligible Claimants the EEOC identifies pursuant to Paragraph 32; in doing so, Defendant shall treat them the same as others who receive such training.

34.     In each of its quarterly reports to EEOC described above in Paragraph 19, Defendant shall report the names of all persons identified by the EEOC pursuant to Paragraph 32, who, during that reporting period, were offered employment, the job title and location of the positions that they were offered, the dates they were offered the positions, and whether the offers were accepted or rejected.  In the event Defendant determines that any person identified by the EEOC pursuant to Paragraph 32 is not qualified for the job title(s) sought, Defendant shall notify EEOC of the names

of such persons and the reasons(s) they were deemed unqualified.  In addition, in the event that any person identified by the EEOC pursuant to Paragraph 32 is hired and then terminated, Defendant shall include in its next report after which the termination occurred, the names of all such persons, date they were hired, positions from which they were terminated, date(s) terminated, and reason for the termination.

DISCRIMINATION PREVENTION MEASURES

DECREE COMPLIANCE AND OTHER EEO TRAINING

35.    Within ninety (90) days of the Effective Date, and annually thereafter for the duration of this Decree, Defendant shall provide not less than three (3) hours of live, in-person training to all human resources personnel and all hiring authorities.  The subject of the training shall be discrimination made unlawful by Title VII, with particular focus on non-discriminatory hiring, penalties for engaging in conduct prohibited by Title VII and Defendant's policies, the duty to monitor the work environment to ensure compliance with Title VII; Defendant's recruiting, screening, hiring, and placement policies, practices, and procedures, including the hiring criteria required by this Decree; and the content and requirements of this Consent Decree.  All training described in this paragraph shall be provided by a third-party trainer to whom EEOC agrees and whom Defendant shall retain at Defendant's own expense.  Within thirty (30) days of such training, a list of the names, job titles, and work locations of attendees, and all written materials from the training shall be submitted to EEOC counsel of record for review.

36.    Within ninety (90) days of the Effective Date, and annually thereafter for the duration of this Decree, Defendant shall provide all non-supervisory employees training regarding Defendant's obligations under Title VII; Defendant's policies prohibiting discrimination and retaliation made unlawful by Title VII; the content and requirements of this Consent Decree; and

any related complaint procedures. This training shall emphasize Title VII's prohibitions on discriminatory hiring and placement. All training described in this paragraph shall be provided by a third-party trainer to whom EEOC agrees and whom Defendant shall retain at Defendant's own expense.  Within thirty (30) days of such training, a list of the names, job titles, and work locations of attendees, and all materials from the training shall be submitted to EEOC counsel of record for review.

37.     Within thirty (30) days of the Effective Date, and within the first  week of work thereafter for the duration of this Decree for all new temporary and permanent non-supervisory employees who begin employment after the entry of this Consent Decree, Defendant shall provide such employees with training regarding Defendant's policies prohibiting discrimination and retaliation made unlawful by Title VII and any related complaint procedures. This training shall be conducted by human resources personnel or a management official with reasonable knowledge of the subject matter of the training or may be done through a vendor to be approved by the EEOC.

<u>NON-DISCRIMINATION POLICY AND TOLL-FREE COMPLAINT LINE</u>

38.     Within ninety (90) days of the Effective Date, Defendant will create a non-discrimination policy establishing Sherwood's commitment to equal employment opportunity and compliance with federal laws concerning employment discrimination, including, but not limited to, the prohibition against sex discrimination, and establish a mechanism for resolving discrimination complaints.  This policy shall be placed in the Employee Handbook that may be distributed as part of any training on Company policies pertaining to EEO or related issues.  This policy will be provided to all existing employees and to all new employees in any new employee paperwork.

39.     Within ninety (90) days of the Effective Date, Defendant shall establish a toll-free number and a secure e-mail address where any Sherwood applicant or employee may report complaints of

discrimination.  Defendant shall promptly investigate any complaints or reports of discrimination received through the toll-free number or secure e-mail address, and take prompt and effective remedial action as necessary.

40.     Within ninety (90) days of the Effective Date, Defendant shall place on its website where job applications are accepted and in any paper application information on how to file a complaint of discrimination with Defendant, together with the toll-free number and secure e-mail address for reporting such complaints, as well as the following statement on how to file a complaint with the EEOC:

> EEOC enforces the federal laws against discrimination in employment on the basis of sex, race, color, religion, national origin, age, disability, or genetic information. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have the right under federal law to contact the EEOC and report that discrimination or retaliation.  EEOC can be reached at (800) 669-4000 or, for the hearing impaired, at (800) 669-6820(TTY) or at or (844)-234-5122 (ASL Video Phone); or via e-mail at info@eeoc.gov. The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints. Additional information about EEOC is available at www.eeoc.gov, including how to file a charge online.

## RECORD-RETENTION REQUIREMENTS

41.     For the duration of this Decree and for a period of not less than one (1) year afterward, Defendant shall retain the records described in this Decree.  Further, Defendant will retain and provide to EEOC as soon as practicable upon demand any and all documents or data made or kept under the Decree.

42.     Defendant shall comply with all applicable record-keeping requirements of Title VII and the Commission's regulations, including, but not limited to, 29 C.F.R. Parts 1602 and 1607.

43.     On an annual basis throughout the duration of this Decree, Defendant shall conduct reasonable auditing of its record-retention practices to ensure compliance with this Decree.

Defendant shall cure any non-compliance found and report such non-compliance to EEOC in writing within 10 days.

## NOTICE TO BE POSTED

44.     Within five (5) days of entry of this Decree and for the remainder of the duration of the Decree, Defendant shall post copies of the Notice attached as Attachment A in a conspicuous location at each Facility covered by this Decree, at all places where employee notices are posted, and at all places where applications are collected, including but not limited to the page on Defendant's website that includes the link for submitting an online application.  The Notice shall remain posted in all such facilities for the duration of this Consent Decree.  The Notice shall be typed legibly using font sizes not smaller than those used in Attachment A.  If multiple pages are used for each Notice, they shall not be displayed one page behind another but must be posted so that all pages are in order and simultaneously visible (i.e., in horizontal row or vertical column configuration). In addition, Defendant shall post notice of all applicable federal equal employment opportunity laws and all other notices required by law.  In the event that any of the aforementioned notices becomes defaced, marred, or otherwise made unreadable, Defendant shall immediately post a readable copy of such notice(s).  Defendant shall certify to the EEOC in writing within ten (10) days after entry of the Consent Decree that the notices required by this Paragraph have been properly posted.  Defendant shall permit a representative of the EEOC to enter its facilities for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## SUBMISSION OF REPORTS AND NOTICES TO EEOC

45.     All notifications and reports required under this Decree shall be made in writing and shall be verified by oath or under penalty of perjury by a corporate official of Defendant.  They shall be

sufficient if hand-delivered or sent by overnight mail or commercial carrier or First-Class U.S. mail or electronic mail to the following EEOC representative (or to her designated successor):

> Melanie M. Peterson, Senior Trial Attorney
> Equal Employment Opportunity Commission
> Philadelphia District Office
> 801 Market Street, Suite 1300
> Philadelphia, PA 19107
> melanie.peterson@eeoc.gov

DISPUTE RESOLUTION AND COMPLIANCE REVIEW

46.     If a court action is initiated seeking compliance with this Decree, each party shall bear its own costs, expenses, and attorney's fees incurred in connection with such action.

47.     EEOC agrees that it will attempt to obtain Defendant's voluntary compliance with the Decree before filing a motion with the Court seeking to enforce the Decree.  Before filing a motion with the Court seeking enforcement, EEOC will notify Defendant of its alleged non-compliance by sending an e-mail to Greg Riolo of Jackson Lewis P.C., 44 South Broadway, 14th Floor, White Plains, NY 10601, using the e-mail address Greg.Riolo@jacksonlewis.com, or his successor, in order to provide Defendant with an opportunity to confer with EEOC and attempt to address Defendant's alleged non-compliance.

48.     Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Northern District of Ohio, Eastern Division, and any action to enforce this Decree shall be brought, if possible, before the judge who enters this Decree.

49.     EEOC, its agents, and its employees shall in their discretion have the legal authority to enter any facility owned or operated by Defendant, with reasonable prior notice to Defendant and its counsel, and conduct an on-site inspection to ensure compliance with Title VII and any of the terms of this Decree. Such inspections may, at the discretion of EEOC, include access to any and all documents for the purposes of inspection and duplication; interviews or depositions of any

Page 18 of 21

persons; inspection of any area within the facility; and any other investigatory technique or procedure permitted by Title VII or EEOC's regulations. EEOC also shall have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with Title VII and any of the terms of this Decree.  Neither EEOC's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other EEOC authority to conduct investigations of Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964, the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Titles I or V of the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act of 2008, and any statute over which EEOC is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

<u>MISCELLANEOUS</u>

50.    The terms of this Decree shall be binding upon Defendant; all present and future parents of Defendant; all present and future subsidiaries of Defendant; all present and future owners, directors, officers, managers, employees involved in hiring, agents, trustees, administrators, representatives, successors, assigns of Defendant, and all persons acting in concert with it or on its behalf.  Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree and the Complaint to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger.  This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

51.     This Decree constitutes the entire agreement and commitments of the parties.  Any modifications to this Decree must be mutually agreed upon and memorialized in a separate writing signed by Defendant and the EEOC and approved by the Court.

52.     If any provision(s) of this Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

53.     When this Consent Decree requires the submission by Defendant of information, reports, certifications, notices, or other materials to the EEOC, they shall be provided to Melanie M. Peterson, Senior Trial Attorney, Equal Employment Opportunity Commission, 801 Market Street, Suite 1300, Philadelphia, PA 19107 or melanie.peterson@eeoc.gov.   All notices or other communications from EEOC to Defendant regarding this Decree shall be provided to Greg Riolo, Jackson Lewis P.C., 44 South Broadway, 14th Floor, White Plains, NY 10601 or Greg.Riolo@jacksonlewis.com.

IT IS AGREED:

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

DEBRA M. LAWRENCE
Regional Attorney
U.S. EEOC Philadelphia District Office

KATE NORTHRUP
Supervisory Trial Attorney
U.S. EEOC Baltimore Field Office
kate.northrup@eeoc.gov

MELANIE M. PETERSON
Senior Trial Attorney
EEOC, Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
melanie.peterson@eeoc.gov
Telephone: (267) 589-9759

Dated: 10/15/18

SHERWOOD FOOD DISTRIBUTORS,
LLC

Jason Ishbia, President

Greg A. Riolo
Jackson Lewis P.C.
44 South Broadway, 14th Floor
White Plains, NY 10601
Greg.Riolo@jacksonlewis.com
(914) 872-8060

Roland De Monte
Jackson Lewis P.C.
6100 Oak Tree Blvd., Ste. 400
Cleveland, OH 44131

Dated: 10/15/18

IT IS SO ORDERED:

Dated: 10/16/18

/s/DONALD C. NUGENT, U.S.D. J.

HONORABLE DONALD C. NUGENT

Page 21 of 21



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite 1300
Philadelphia, PA  19107-3127
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Philadelphia Status Line:  (866) 408-8075
Philadelphia Direct Dial:  (267) 589-9700
TTY (215) 440-2610
Website:  www.eeoc.gov

## EXHIBIT A

## NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to a federal court order in the matter of *EEOC v. Sherwood Food Distributors, LLC*, Civil Action No. 1:16-cv-02386. In that lawsuit, EEOC alleged that Sherwood Food Distributors, LLC ("Sherwood") discriminated against female applicants in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") by intentionally denying positions to a class of female applicants when, since at least January 1, 2009, it failed to hire women for warehouse positions in its warehouses located in Cleveland, Ohio, and in Detroit, Michigan.

To resolve the case, Sherwood and the EEOC have entered into a Consent Decree which provides, among other things, the following relief.

1. Sherwood will pay monetary relief to a class of female non-hires identified by the EEOC and will provide employment opportunities to females identified by the agency. The company is prohibited by federal court order and federal law from discriminating against any applicant because of her sex, including but not limited to, failing to recruit or hire her because of her sex.

2. Sherwood is enjoined and prohibited from retaliating against any person because that person engages in any protected activity under Title VII, including but not limited to complaining about or reporting alleged discrimination or retaliation, participating in any internal investigation of such matters, or opposing any conduct made unlawful by Title VII.

3. Sherwood will provide mandatory training regarding prohibiting employment discrimination and retaliation to all current and future managers, supervisors, and employees.

4. Sherwood is required to make, keep, and preserve all applications, application materials, and any other materials that reflect information provided to Sherwood regarding job applicants. The company also is required to make and keep applicant flow logs.

5. Sherwood will adopt a non-discrimination policy and distribute the policy to all employees, including managers.

6. Sherwood will establish a toll-free number and a secure e-mail address where any Sherwood applicant or employee may report complaints of discrimination.

7.     The EEOC will monitor Sherwood's compliance with the terms of the Consent Decree.

The EEOC enforces the federal laws against discrimination in employment on the basis of sex, race, color, religion, national origin, age, disability, or genetic information. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have the right under federal law to contact the EEOC and report that discrimination or retaliation.   EEOC can be reached at (800) 669-4000 or, for the hearing impaired, at (800) 669-6820(TTY) or at or (844)-234-5122 (ASL Video Phone); or via e-mail at info@eeoc.gov. The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints. Additional information about EEOC is available at www.eeoc.gov, including how to file a charge online.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

Any questions about this Notice or compliance with its terms may be directed to Melanie M. Peterson, Senior Trial Attorney at 801 Market Street, Suite 1300, Philadelphia, PA 19107 or by e-mail at melanie.peterson@eeoc.gov or by telephone at (267) 589-9759.


10/15/18
Date

Jason Ishbia, President, Sherwood Food
Distributors, LLC

| Name | Date Applic. | SSN/App-ID | Sex | Position Sought | Address 1 | Address 2 | City | State | ZIP | Phone# | email | Facility |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |