UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) | CASE NO. 1:16 CV 02386 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| SHERWOOD FOOD DISTRIBUTORS, LLC., | ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court on the United States Equal Employment Opportunity Commission's ("Plaintiff") Emergency Motion for Civil Contempt Sanctions (ECF #44). Plaintiff alleges that Sherwood Food Distributors, LLC ("Defendant") is in civil contempt for failure to issue payment of its payroll tax liabilities as required by a Consent Decree ("Decree") entered into by the parties. Defendant filed a Response in Opposition and Plaintiff filed a reply (ECF #46, 47). This matter is now fully briefed and ready for disposition. For the reasons set forth herein, this Court finds that Defendant's failure to pay its payroll tax liabilities prior to December 14, 2021 constitutes civil contempt. However, Plaintiff's request for additional sanctions is denied.

**I. Background**

On September 27, 2016, Plaintiff filed suit against Defendant for a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff sought to correct alleged discriminatory employment practices and provide relief to the female applicants adversely impacted by

1

Defendant's hiring practices. The Parties entered a Decree on October 16, 2018. The Decree required Defendant to place $3,600,000 into a Qualified Settlement Fund ("QSF") account administered by a third-party (the "Administrator") within thirty days of entry of the Decree. ECF #43 ¶ 20. These funds were to provide monetary relief to individuals that Plaintiff determined were subjected to Defendant's alleged discrimination. *Id.* The monetary relief constitutes both back pay and other monetary damages available under Title VII. *Id.* Plaintiff was given the authority to determine what type of monetary relief would be paid to the Eligible Claimants ("Claimants"). *Id.*

Plaintiff alleges that Defendant is presently violating the Decree by refusing to pay its payroll tax liability and therefore preventing the distribution of the $3,600,000 to eligible claimants by December 14, 2021. ECF #44. In relevant part, the Decree states that Defendant is responsible for paying its share of all applicable pay roll taxes and that the Administrator would inform Defendant "of the amounts of back pay distributed to each person from the QSF and all other information necessary for [Defendant] to satisfy its payroll tax liabilities." ECF #43 ¶¶ 22, 30. The Administrator notified Defendant's counsel on December 1, 2021 of the amount Defendant owed in payroll taxes and provided notice that payment of the payroll taxes must be received on December 10, 2021 for the award checks to be timely distributed. ECF #44-1. Counsel for Plaintiff communicated with Defendant's counsel in an attempt to compel the payment of the payroll taxes; however, Defendant advised Plaintiff that it would not make the payroll tax payment. Ex. D.

On January 27, 2022 this Court held a Motion Hearing regarding Plaintiff's motion for civil contempt. Upon Defendant's request for a break-down of the individual payments to be made to the Claimants, the Court continued the hearing until January 31, 2022. Prior to the start of the January 31st hearing, the Administrator notified the Defendant that its total payroll taxes owed had increased from $361,890.68 to $408,749.23 due to the Ohio Department of Jobs and Family

Services' increase in QSF state unemployment tax rate from 2.7% in 2021 to 6.5% in 2022. At the January 31st hearing the parties were ordered to submit proposed findings of fact and conclusion of law, which were subsequently submitted on February 10, 2022. (ECF #55, 56).

## II. Legal Standard

In order to establish that a defendant is in civil contempt, the movant must show by clear and convincing evidence that the defendant "violated a definite and specific order of the court requiring it to perform" or that the defendant acted with knowledge of the court's order. *Electrical Workers Pension Trust Fund of Local Union #58 v. Garys Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)); *J.L. Spoons, Inc. v. Morckel*, 314 F. Supp. 2d 746, 762 (N.D. Ohio 2004). In the case of a consent decree, "the 'scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purpose of one of the parties to it' or by what 'might have been written had the plaintiff established his factual claims and legal theories in litigation.'" *Firefighters Loc. Union No. 1784 v. Stotts*, 467 U.S. 561, 574 (1984) (quoting *United States v. Armour & Co.*, 402 U.S. 673, 681–82 (1971)).

The intent of the defendant in disobeying the court order is not relevant to a finding of contempt. *J.L. Spoons, Inc.*, 314 F. Supp. 2d at 762 (quoting *Nettis Environmental, Ltd. v. IWI, Inc.*, 46 F. Supp. 2d 722, 726 (N.D. Ohio 1992). Once the movant has made a showing of clear and convincing evidence, the burden shifts to the defendant to show that they are "presently unable to comply with the court's order" through a categorical and detailed explanation of their inability to comply for reasons outside of their control. *Electrical Workers Pension Trust Fund*, 340 F.3d at 379 (quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996)). If the court finds that the defendant has not taken "all reasonable steps within [its] power to comply with the

court's order" a finding of contempt is appropriate. *J.L.Spoons, Inc.*, 314 F. Supp. 2d at 762 (quoting *Harrison v. Metropolitan Gov't of Nashville & Davidson County, Tenn.*, 80 F.3d 1107, 1112 (6th Cir), *cert denied*, 519 U.S. 863, 136 L. Ed. 2d 111, 117 S. Ct. 169 (1996)).

### III. Analysis

First, in order to establish a finding of civil contempt, the movant must show that Defendant violated a definite and specific order of the court. *Electrical Workers Pension Trust Fund*, 340 F.3d at 379. This must be done through clear and convincing evidence. *Id.* Here, the Decree explicitly stated numerous times that Defendant was responsible for payroll tax liability. ECF #43, ¶¶ 22, 30, 31. The Decree also specified that distribution of the settlement funds must be completed by December 14, 2021. Plaintiff has shown through email communications that Defendant was informed of its payroll tax duties by the Administrator in accordance with the Decree and that Defendant did not, and has not, timely paid. This is clear and convincing evidence that payroll tax is a definite and specific order of the court and that refusing to pay is a violation of said order. As such, the burden then shifts to the Defendant to show that they took all reasonable steps to comply and that they are presently unable to comply for reasons outside of their control. *Electrical Workers Pension Trust Fund*, 340 F.3d at 379; *J.L. Spoons*, 314 F. Supp. 2d at 762.

Second, Defendant has not satisfied its burden to demonstrate that it took all reasonable steps to comply. Although Defendant argues that it attempted to negotiate a solution with Plaintiff, this is not sufficient by itself. Attempting to negotiate an extension ten days before a deadline that Defendant has been aware of for more than three years is insufficient, absent extenuating circumstances or evidence of exhausting other reasonable steps taken throughout the time period. Upon Plaintiff's unwillingness to negotiate, Defendant should have complied with the Decree and the Administrator's request for payment. Defendant was aware that Plaintiff was required to

disperse the funds to claimants by December 14, 2021 and was made aware of the amount owed by the Administrator as required by the Decree. Defendant was also aware that Plaintiff had sole discretion to determine the type of damages to be paid. As a result, Defendant's argument that Plaintiff has failed to explain why the remaining funds will be distributed as back pay is not good reason for Defendant delaying compliance. Defendant pointed out that they paid the required payroll tax liabilities for the disbursements made in June 2019 and are exceeding the non-monetary requirements concerning the hiring of female workers; however, this is irrelevant regarding actions presently taken by Defendant to delay compliance with the Decree's December 14th deadline and is further proof that Defendant was fully aware of its payroll tax responsibilities. During the hearing on January 27, 2022, Defendant further argued that they had not yet paid the payroll tax liability because they had not been given a break-down of the individual payments to be made to each Claimant. A four-corners reading of the Decree did not require the EEOC to provide this information. However, it was given to the Defendant later that day and the Defendant has still not paid.

      Third, Defendant has failed to satisfy its burden of giving a detailed explanation as to why it cannot presently comply with the Decree and pay the $408,749.23 in payroll taxes. Defendant has made no claim that it does not presently have the funds to pay, nor has there been any evidence offered of Defendant's financial situation. Even if Defendant could prove financial hardship, it is not an excuse for failure to comply. *United States v. Work Wear Corp.*, 602 F.2d 110, 116 (6th Cir. 1979). In lieu of offering evidence regarding an inability to pay, Defendant has requested the ability to pay its tax liability in equal installments. Defendant argues that some of the checks issued to the Claimants may go unclaimed and therefore it should be able to seek refunds of the taxes paid on those checks. If Defendant wanted such an arrangement, it should have presented it for

consideration at the Decree negotiations. This arrangement cannot be read into the Decree's four corners and has no bearing on its initial refusal to comply with the Decree. Finally, Defendant has failed to produce evidence illustrating that its non-compliance was through no fault of its own. Instead, Defendant blamed Plaintiff for conducting their investigation too slowly. As a result, Defendant has failed to prove that its current situation prevents it from complying with the Decree.

## IV. Conclusion

This Court finds that Defendant is in civil contempt for violating the Decree. Plaintiff showed through clear and convincing evidence that Defendant had specific knowledge of its responsibilities and still failed to comply with the definite order by the Court to pay payroll tax liability, and to ensure that award checks were sent to Claimants by December 14, 2021. Defendant has not demonstrated that it exhausted all reasonable steps they could have taken in order to comply with the Decree, nor has Defendant offered any evidence as to why it cannot comply. Defendant's attempt to read into the Decree a requirement to be given a breakdown of payments and an opportunity to make payments in installments is unpersuasive. Defendant's intentions to eventually comply are irrelevant to its violation. Defendant argues that they should only be responsible for paying the initial $361,890.68 and should not be required to pay the additional $46,858.55 resulting from the 3.8% tax increase. But for the Defendant's own delay, the amount of taxes owed would not have increased. This Court finds that because Defendant failed to prove that its delay was caused by reasons outside of its control, it is appropriate for them to pay the increase in back-pay tax liability. Defendant is hereby ordered to pay the full amount of $408,749.23 within thirty (30) days of this Order. Defendant is also responsible for paying any additional costs incurred by the Administrator's fulfillment of his duties that exceed the $35,000 expected in the Decree.

IT IS SO ORDERED.

_____
Donald C. Nugent
United States District Judge

DATED: _February 23, 2022_